■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HAYWOOD, Appellant. [607 NYS2d 798] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of one count of official misconduct (Penal Law § 195.00 [1]) for permitting his son to use a hydraulic pallet cart owned by the Town of Ontario at the son's place of business for 3½ years. Defendant was the Superintendent of the Town of Ontario Water Utilities Department for the greater part of that period. The evidence is sufficient to support defendant's conviction.

Defendant contends that, because the People based the charge of official misconduct, at least in part, on larceny, they were required to allege and prove that there was a larceny. Defendant has not preserved that issue for appellate review *(see,* CPL 470.05 [2]) and we decline to reach it in the interest of justice *(see,* CPL 470.15 [6]). Defendant also contends that his conviction cannot be based on a violation of the Town's Code of Ethics or on conduct outside of his job description. Defendant has not preserved that issue for review *(see,* CPL 470.05 [2]). Were we to consider that issue in the interest of justice, we would conclude that defendant's actions violated the Town's Code of Ethics, which was sufficiently incorporated into defendant's job description by the proof at trial. *People v*

*La Carrubba* (46 NY2d 658), relied upon by defendant, is inapposite because it involved construction of a different subdivision of Penal Law § 195.00.

The remaining contention of defendant, that the bill of particulars limited the People's proof to constructive knowledge that his act was unauthorized, was not preserved and, in any event, is without merit. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Official Misconduct.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.